**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL NAMBO-SOLORIO, | No. 21-108 |
| Petitioner, | Agency No. A091-006-439 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023**

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Ismael Nambo-Solorio, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"), and denying a motion to remand. Our jurisdiction is

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Nambo-Solorio does not challenge the agency's determination that he is statutorily ineligible for asylum and withholding of removal due to his convictions, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Because this determination is dispositive, we need not address Nambo-Solorio's remaining contentions regarding his asylum and withholding claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT deferral of removal because Nambo-Solorio failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Because Nambo-Solorio does not challenge the BIA's denial of his motion to remand to apply for cancellation of removal, we do not address it. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

Nambo-Solorio did not argue before the BIA his due process contentions and requests for other relief, and as such, he did not exhaust the contentions and we decline to address them. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of

administrative remedies required); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113-14 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

We do not consider the materials Nambo-Solorio references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We deny Nambo-Solorio's renewed request for a stay of removal.

**PETITION FOR REVIEW DENIED.**